# John Fouhy, Plff. in Err., *v.* Pennsylvania R. Co.

In actions for damages for personal injuries where negligence is alleged, facts must be shown from which negligence may reasonably be inferred, and the case should not be submitted to a jury to infer negligence arbitrarily and without evidence.

(Decided January 25, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County to review a judgment for defendant in an action for damages for personal injuries. Affirmed.

The Pennsylvania Railroad Company operates what is known as the Trenton Railroad, which passes over a public street in the city of Philadelphia known as Trenton avenue. This road runs for some distance alongside of the tracks of the railroad, and there was, at the time of the accident, no fence to separate the road from the tracks. Fouhy was driving along Trenton avenue, when a train of cars came along the track from the opposite direction. When the train approached the place where Fouhy was, the engineer commenced ringing the engine bell, which frightened Fouhy's horse and caused it to back the cart so near the track that it was struck by the engine, and the injuries complained of were inflicted. Fouhy brought this action against the railroad company, alleging negligence in the unnecessary ringing of the bell, and in the neglect to provide a fence between the street and the railroad tracks.

NOTE.—When ordinary care was exercised in selecting an experienced builder to construct a bridge, and it did not appear that the railway company had knowledge of defects from which accidents arose, negligence could not be inferred. Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185, 36 Am. Rep. 662. So, where one lawfully upon premises was injured, but there was no proof of the cause, negligence could not be inferred. Huey v. Gahlenbeck, 121 Pa. 238, 6 Am. St. Rep. 790, 15 Atl. 520. When a fireman was killed by an engine leaving the track, but the cause of the accident was entirely unexplained, negligence of the railroad could not be inferred. Erie & W. Valley R. Co. v. Smith, 125 Pa. 259, 11 Am. St. Rep. 895, 17 Atl. 443.

As to when the question of negligence is for the jury, see editorial note to Roux v. Blodgett & D. Lumber Co. 13 L. R. A. 728. As to exceptions to rule as to functions of court and jury in negligence cases, see editorial note to Emry v. Raleigh & G. R. Co. 15 L. R. A. 333. As to when question of negligence in getting on or off moving car is for the jury, see editorial note to Jagger v. People's Street R. Co. 38 L. R. A. 788.

A verdict was directed for defendant and plaintiff brought error.

*George W. Shoemaker* and *Robert H. Hinckley,* for plaintiff in error.—When a railroad and a common road occupy the same road bed parallel to each other, the public have rights as high as the railroad, and the agents of the latter are bound to use proper care. Philadelphia W. & B. R. Co. v Stinger, 78 Pa. 219; Shearm. & Redf. Neg. § 468, p. 573; Pittsburg, Ft. W. & C. R. Co. v. Dunn, 56 Pa. 283; Westchester & P. R. Co. v. McElwee, 67 Pa. 315; Pennsylvania R. Co. v. Barnett, 59 Pa. 259, 98 Am. Dec. 346.

The railroad company was bound to a high degree of care to avoid injury to others having equal rights with them. Frankford & Turnp. Co. v. Philadelphia & T. R. Co. 54 Pa. 345, 93 Am. Dec. 708; Westchester & P. R. Co. v. McElwee, 67 Pa. 314.

A railroad company is bound to furnish a safe and sufficient roadway. It owes this duty to all who travel over it. O'Donnell v. Allegheny Valley R. Co. 59 Pa. 248, 98 Am. Dec. 336.

*Wayne MacVeagh,* for defendant in error.—Whether a state of facts admitted or proved constitutes negligence is generally a question of law to be declared by the court. Goshorn v. Smith, 8 W. N. C. 289; Catawissa R. Co. v. Armstrong, 52 Pa. 282; Philadelphia W. & B. R. Co. v. Stinger, 78 Pa. 219; Gerety v. Philadelphia W. & B. R. Co. 81 Pa. 275.

When, in an action for injuries or death alleged to have been caused by the negligence of defendant or of their servants or agents, the evidence fails to disclose the negligence, or any facts from which it could reasonably be inferred, the court should give the jury binding instructions to find for the defendants. Baker v. Fehr, 10 W. N. C. 56.

Where facts have not been shown from which negligence may reasonably be inferred, it should not be submitted to a jury, to infer arbitrarily, and without evidence, that there was negligence. Philadelphia & R. R. Co. v. Yerger, 73 Pa. 121; Philadelphia & R. R. Co. v. Heil, 5 W. N. C. 91; Clark v. Philadelphia & R. R. Co. 5 W. N. C. 119; Pennsylvania R. Co. v. Fries, 5 W. N. C. 545; Goshorn v. Smith, 8 W. N. C. 289.

It is the duty of an engineer approaching a highway, if

danger is to be apprehended, to give warning by sounding the whistle or other sufficient alarm. The failure to do so is negligence, *per se*. Philadelphia W. & B. R. Co. v. Stinger, 78 Pa. 219; Strong v. Sacramento & P. R. Co. 61 Cal. 326; Louisville, C. & L. R. Co. v. Goetz, 79 Ky. 442, 2 Am. Rep. 227.

It was declared in a New York case to be the duty of the engineer to ring the bell or blow the whistle continuously in approaching a crossing. Smedis v. Brooklyn & R. B. R. Co. 88 N. Y. 13.

The right to operate a railroad includes the right to make the noises incident to the movement and working of its engines, and to give the usual and proper admonitions of danger, as in the sounding of whistles and the ringing of bells. It is therefore not liable, while exercising this right in a lawful and reasonable manner, for injuries occasioned to horses when being driven along the highway, who take fright at such noises. Drayton v. North Pennsylvania R. Co. 10 W. N. C. 55; Philadelphia, W. & B. R. Co. v. Stinger, 78 Pa. 219. See also Whitney v. Maine C. R. Co. 69 Me. 208; Norton v. Eastern R. Co. 113 Mass. 366; Billman v. Indianapolis, C. & L. R. Co. 76 Ind. 166, 40 Am. Rep. 230, 6 Am. & Eng. R. R. Cas. 49, note, and other cases there cited.

It is contributory negligence to undertake to drive, in the neighborhood of a railroad, a horse easily frightened by a passing train. See Goldstein v. Chicago M. & St. P. R. Co. 46 Wis. 404, 1 N. W. 37; Chicago & N. W. R. Co. v. Clark, 2 Ill. App. 116.

Without some provision in its charter to that effect, or unless required to do so by statute, a railroad company is not bound to make or maintain fences along its track. Pennsylvania R. Co. v. Riblet, 66 Pa. 164, 5 Am. Rep. 360; New York & E. R. Co. v. Skinner, 19 Pa. 298, 57 Am. Dec. 654; 1 Redf. Railways, 492. See note to Dunkirk & A. Valley R. Co. v. Mead, 1 Am. & Eng. R. R. Cas. 171, and cases there cited.

PER CURIAM:

The law is well settled, if facts have not been shown from which negligence may reasonably be inferred, the case should not be submitted to a jury, to infer arbitrarily and without evidence that there was negligence. If the bell had not been

rung, the omission so to do might have been evidence of negligence. The evidence does not show that it was rung in an unusual manner, nor at an improper place. There was no error in directing the jury to find for the defendant.

Judgment affirmed.